811 F.2d 607
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bruce M. SPENCER, Petitioner-Appellant,
v.
Supt. WITHWORTH; Lincoln Stokes, Judge Albert J.
Mestemaker, Robery Jennings, William Wells,
Respondents-Appellees.
 No. 86-3179.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1986.
 
 1
 Before KRUPANSKY, NELSON and RYAN, Circuit Judges
 
 ORDER
 
 2
 This matter is before the Court upon consideration of this pro se appellant's appeal from an order of the district court which dismissed his petition for a writ of habeas corpus. Appellant has also filed a motion for bond pending appeal. Upon consideration of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not necessary in this case. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Appellant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in which he challenged his conviction for resisting arrest on the grounds that: 1) he had been denied his right to appeal by virtue of the trial court's imposition of sentence without notice; 2) his arrest had been the product of an illegal search and seizure; and 3) the jury's verdict of guilty was based upon perjured testimony. Rather than addressing the merits of those claims, a magistrate for the district court concluded that the habeas petition should be dismissed due to appellant's failure to first exhaust the available state remedies. The district court agreed and on February 18, 1986, entered judgment dismissing the petition for a writ of habeas corpus. Appellant thereafter filed this appeal.
 
 
 4
 In determining whether a petitioner in a proceeding for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 has satisfied the requirement that he first exhaust state remedies, federal courts are concerned solely with those remedies which were still available at the time of the commencement of the action for habeas relief. Specifically, a petitioner has not exhausted state remedies if, at the time of the filing of the habeas petition in the district court, there remains an available, yet untried, state procedure which would allow the adjudication of his claims. Meeks v. Bergen, 749 F.2d 322 (6th Cir.1984). Examination of the record in this case indicates that on the date on which appellant filed the petition for a writ of habeas corpus in this case, the 30 day period allotted him for taking a direct appeal of his conviction pursuant to O.R.C. Sec. 2953.04 had not yet expired. Furthermore, the record also indicates that appellant was made aware of the availability of redress by direct appeal, but simply chose not to appeal. Accordingly, the district court did not err in dismissing the petition for a writ of habeas corpus.
 
 
 5
 It appears that the questions upon which this cause depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the motion for bail pending appeal be and hereby is denied and the final judgment of the district court, entered February 18, 1986, is affirmed.